```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        FORT WAYNE DIVISION

SCOTT E. MILLER,               )
                               )
Plaintiff,                     )
                               )
vs.                            )    CAUSE NO. 1:13-CV-350
                               )
PHILIP P. SIMON,               )
                               )
Defendant.                     )
```

**OPINION AND ORDER**

This matter is before the Court on a complaint filed pursuant to 42 U.S.C. § 1983 by Scott E. Miller, a *pro se* prisoner. (DE #2.) For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Scott E. Miller, a *pro se* prisoner, filed this action in the U.S. District Court for the Southern District of Indiana on November 27, 2013. (DE #2.) The case was transferred to this Court on December 5, 2013. (DE #6.) In the complaint, Miller sues U.S. District Judge Philip E. Simon, alleging that he mishandled a civil rights suit Miller filed in 2007.[1] Specifically, he alleges that

---

[1] He appears to be referring to *Miller v. LaGrange County Sheriff, et al.*, No. 1:07-CV-27-PS (N.D. Ind. filed Jan. 26, 2007.) That case was originally filed in state court but was removed by the defendants. (DE #1, #2.) In February 2007, Judge Simon determined that Miller's federal claims were untimely, dismissed the claims pursuant to 28 U.S.C. § 1915A, and remanded the case for further proceedings on the state law claims. *Miller,* No. 1:07-CV-27-PS (N.D. Ind. order dated Feb. 27, 2007.) Miller appealed, but his appeal was later dismissed for

Judge Simon erred in dismissing his claims as time-barred, as well as in issuing certain fee orders. He seeks compensatory and punitive damages, among other relief.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). In determining whether the complaint states a claim, the court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

---

failure to pay the filing fee. *Id.* (DE #16.)

2

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Upon review, Miller's claims cannot proceed. To the extent Miller has alleged any cognizable constitutional claim in connection with these events, Judge Simon is entitled to absolute immunity for acts performed within his judicial capacity, including the rulings he made in Miller's case. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Immunity applies even if, as Miller alleges, Judge Simon's orders were erroneous. *Id.* at 661. If Miller felt that Judge Simon erred in connection with this case, his remedy was to pursue an appeal, not to initiate a new lawsuit against the Judge.[2] *Id.*

Even if Miller could somehow overcome this barrier, his claims would be time-barred. Although Miller purports to bring this case under 42 U.S.C. § 1983, since he is suing a federal government actor, any cause of action he might have for a constitutional tort would arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). A *Bivens* action (like an action under 42 U.S.C. § 1983) is subject to Indiana's two-year statute of limitations applicable to personal injury suits. *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Here, it is apparent that Miller is complaining about

---

[2] To the extent Miller is trying to obtain relief from an order issued by the U.S. Court of Appeals for the Seventh Circuit, he must seek such relief in that court.

events occurring in 2007, which was nearly seven years ago. Accordingly, this action must be dismissed.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: December 12, 2013**           /s/RUDY LOZANO, Judge
                                       **United States District Court**